```
 1  Marshall C. Whitney, # 082952                (SPACE BELOW FOR FILING STAMP ONLY)
    Scott M. Harkless, # 224363
 2  McCormick, Barstow, Sheppard
    Wayte & Carruth LLP
 3  P.O. Box 28912
    5 River Park Place East
 4  Fresno, CA  93720-1501
    Telephone:    (559) 433-1300
 5  Facsimile:    (559) 433-2300

 6  Attorneys for Defendants
    EMERICH & FIKE, a professional corporation,
 7  DAVID R. EMERICH, an individual, DAVID A.
    FIKE, an individual, JEFFREY D. SIMONIAN,
 8  THOMAS A. PEDREIRA, an individual, and
    LAWRENCE E. WESTERLUND, an individual
 9
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT

| | |
|---|---|
| JOE FLORES an individual, and CONNIE FLORES an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EMERICH & FIKE a professional corporation, a.k.a. EMERICH PEDREIRA & FIKE, a professional corporation, DAVID R. EMERICH an individual, DAVID A. FIKE an individual, JEFFREY D. SIMONIAN an individual, THOMAS A. PEDREIRA an individual, LAWRENCE E. WESTERLUND an individual, DENNIS HAGOBIAN an individual, is or was President, Chief Executive Officer, Chief Financial Officer and Chief Operating Officer of Yosemite Technologies, Inc., VICTORIA HAGOBIAN an individual, THE DENNIS HAGOBIAN RESIDENCE TRUST, a trust, THE VICTORIA HAGOBIAN RESIDENCE TRUST, a trust, DENNIS VARTAN an individual, SANDY L. VARTAN an individual, THE DENNIS VARTAN FAMILY TRUST a trust, JUDITH YERAMIAN an individual, THE LEE YERAMIAN EXEMPT QTIP TRUST a trust, THE JUDITH MARY YERAMIAN FAMILY TRUST a trust, | Case No.  CIV-F-05-0291 OWW DLB<br><br>***REPLY BRIEF*** **TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE FROM THE COMPLAINT THE FOLLOWING CAUSES OF ACTION: THE SECOND (MALICIOUS PROSECUTION), THIRD (ABUSE OF PROCESS), FOURTH (VIOLATION OF UNIFORM FRAUDULENT TRANSFER ACT), SEVENTH (CONVERSION), NINTH (NEGLIGENT INTERFERENCE WITH A CONTRACT), TENTH (CONSPIRACY), AND ELEVENTH (INVASION OF PRIVACY/DEFAMATION)**<br><br>Date:         October 31, 2005<br>Time:         10:00 a.m.<br>Courtroom: 2<br>Judge:        Oliver W. Wanger. |

1  W.D. FARMING LLC a limited liability corporation, RUSSELL DAVIDSON an individual WILLIAM DAVIDSON an individual, MICHAEL HEDBERG an individual, ROD CHRISTENSEN an individual, Co-Founder and Chief Technology Officer of Yosemite Technologies, Inc., YOSEMITE TECHNOLOGIES, INC. a corporation, and DOES 1 through 140, inclusive,

Defendants.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

# TABLE OF CONTENTS

Page

I. FURTHER LEGAL ARGUMENT IN SUPPORT OF MOTION TO STRIKE AND IN REPLY TO PLAINTIFFS' RESPONSE AND OPPOSITION .......................... 1

    A. Plaintiff, CONNIE FLORES, Has Not Met Her Burden To Overcome This Motion ........................................................................................................ 1

    B. Plaintiff, CONNIE FLORES, Has Not Submitted A Supporting Declaration In Response And Opposition To This Motion To Strike ........................................ 2

    C. Plaintiff, CONNIE FLORES, Does Not Provide Any Legal Argument In Opposition To The Fike Defendants' Position That All Of Her Claims Are Subject To The Provisions Of The Anti-SLAPP Provisions .................................. 3

    D. Plaintiff's 2nd Cause Of Action For Malicious Prosecution Must Be Stricken ........................................................................................................ 3

        1. No Evidence Exists To Show A Probability Of Prevailing On The Claim That The Fike Defendants Lacked Probable Cause To Prosecute This Action ........................................................................ 4

        2. No Evidence Exists To Show The Probability Of Prevailing On The Theory That The Fike Defendants Acted With Malice ............................... 5

    E. The 3rd Cause Of Action (Malicious Abuse Of Process) Must Be Stricken .......... 6

    F. Implicit In All Of Plaintiff's Causes Of Actions Is The Underlying Theme Of Conspiracy Between The Fike Defendants And Their Clients .......................... 8

    G. Plaintiff Has Not Opposed The Fike Defendants' Motion to Strike The 4th Cause Of Action (Violation Of Fraudulent Transfer Act) ................................... 10

    H. The Court Must Grant The Motion To Strike Plaintiff's 7th Cause Of Action (Conversion) .......................................................................................... 10

    I. No Opposition Is Produced To The Fike Defendants' Motion To Strike The 9th Cause Of Action (Negligent Interference With A Contract) .......................... 10

    J. Plaintiff Concedes That The 10th Cause Of Action (Conspiracy To Defraud) Should Be Stricken Under The Ambit Of California's Anti-SLAPP Statutes ........................................................................................................ 10

    K. Plaintiff Does Not Dispute The Fike Defendants' Entitlement To Strike The 11th Cause Of Action (Invasion Of Privacy) ................................................. 11

II. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

Page

**Cases**

Applied Equipment Corp. v. Litton Saudi-Arabia Ltd.
 (1994) 7 Cal.4th 503, 511 .................................................................................................. 9

Barquis v. Merchants Collection Association
 (1972) 7 Cal.3d 94, 104, fn. 4 ....................................................................................... 7, 8

Crowley v. Katleman
 (1994) 8 Cal.4th 666, 676 .................................................................................................. 3

Doctor's Co. v. Superior Ct.
 (1989) 49 Cal.3d 39, 46-48 ............................................................................................... 9

Equilon Enterprises v. Consumer Cause, Inc.
 (2002) 29 Cal.4th 53, 67 .................................................................................................... 4

Evans v. Unkow
 (1995) 38 Cal.App.4th 1490, 1497-1498 .......................................................................... 3

George F. Hillenbrand, Inc. v. Insurance Co. of North America
 (2002) 104 Cal.App.4th 784, 814 ..................................................................................... 6

Harris v. Capitol Records Corp.
 (1966) 64 Cal.2d 454, 462 ................................................................................................ 9

Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal. 4th 728 ................................................... 4, 5

Kimmel v. Goland
 (1990) 51 Cal.3d 202, 209 ................................................................................................ 8

Kyle v. Carmon
 (1999) 71 Cal.App.4th 901, 907 ....................................................................................... 3

Meadows v. Bakersfield S. & L. Assn.
 (1967) 250 Cal.App. 2d 749, 753 ..................................................................................... 6

Merlet v. Rizzo
 (1998) 64 Cal.App.4th 53, 65-66 ...................................................................................... 8

Mero v. Sadoff
 (1995) 31 Cal.App.4th 1466, 1479 ................................................................................... 8

Nicosia v. De Rooy
 (1999) 72 F. Supp. 2d 1093, 1110 .................................................................................... 2

O'Keefe v. Kompa
 (2000) 84 Cal.App.4th 130 ............................................................................................... 8

Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.
 (1986) 42 Cal.3d 1157, 1168 ............................................................................................ 7

Orser v. George
 (1967) 252 Cal.App.2d 660, 667 ...................................................................................... 9

Padres L.P. v. Henderson
 (2003) 114 Cal.App.4th 495, 522 ..................................................................................... 6

Roberts v. Los Angeles County Bar Assn.
 (2003) 105 Cal.App.4th 604, 613-614 .............................................................................. 3

# TABLE OF AUTHORITIES
### (continued)

**Page**

Sheldon Appel Co. v. Albert & Oliker
(1989) 47 Cal.3d 863, 878 ............................................................................................ 4

Silberg v. Anderson
(1990) 50 Cal.3d 205, 212 ............................................................................................ 7

Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.
(2003) 106 Cal.App.4th 1219, 1238 .............................................................................. 3

Wilbanks v. Wolk
(2004) 121 Cal.App.4th 883, 894 .................................................................................. 1

Wilcox v. Superior Court
(1994) 27 Cal.App.4th 809, 823 .................................................................................... 2

Younger v. Solomon
(1974) 38 Cal.App.3d 289, 297...................................................................................... 7

**Statutes**
California Civil Code §1714(b) ........................................................................................ 9

California Civil Code §1714.10(a)................................................................................... 9

California Civil Code §3439 .......................................................................................... 10

California Civil Code §47 ................................................................................................ 6

California Civil Code §47(b) ........................................................................................... 8

California Code of Civil Procedure §§ 425.16 and 425.17............................................. 3

California Code of Civil Procedure §425.16........................................................... 4, 10, 11

California Code of Civil Procedure §425.16(b).............................................................. 2

California Code of Civil Procedure §437c(d) ................................................................. 3

**Other Authorities**
5 Witkin, Summary of California Law (9th Ed. 1988) Torts, §459, p. 547................... 6

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
((OFFICE))

COMES NOW, defendants, EMERICH & FIKE a professional corporation, a.k.a. EMERICH PEDREIRA & FIKE, a professional corporation, and the corporations' individual attorneys, DAVID R. EMERICH, DAVID A. FIKE, JEFFREY D. SIMONIAN, THOMAS A. PEDREIRA, LAWRENCE E. WESTERLUND (hereafter collectively referred to as the "Fike Defendants"), with this Reply Brief to plaintiff, CONNIE FLORES' Memorandum of Points and Authorities in Support of her Response and Opposition to the Fike Defendants' Motion to Strike the 2nd, 3rd, 4th, 7th, 9th, 10th and 11th causes of action from plaintiffs' Complaint.

This Reply Brief further supplements the points, authorities and arguments set forth by the Fike Defendants in their April 27, 2005 and further addresses and responds to the claims, allegations and arguments made by plaintiffs in their untimely and procedurally defective May 23, 2005 Response and Opposition.[1]

As this Reply specifically addresses the claims made in MS. FLORES' Opposition, which are similar to the claims made by her husband (this is especially the case since it is virtually certain that he drafted both of the overly long pleadings), Defendants incorporate by reference the entirety of the Reply to JOE FLORES' Opposition as though fully stated herein.

## I.

### FURTHER LEGAL ARGUMENT IN SUPPORT OF MOTION TO STRIKE AND IN REPLY TO PLAINTIFFS' RESPONSE AND OPPOSITION

**A.  Plaintiff, CONNIE FLORES, Has Not Met Her Burden To Overcome This Motion**

Because the Fike Defendants have made a prima facie showing that the allegedly tortious conduct concern a matter of public interest and/or Constitutionally protected free speech, the Complaint will be stricken unless MS. FLORES can demonstrate a probability of success on their claim. (See, Wilbanks v. Wolk (2004) 121 Cal.App.4th 883, 894.) This burden requires the plaintiff to "demonstrate the complaint is legally sufficient and supported by a sufficient prima

---

[1] At the time Plaintiffs submitted their oppositions, a June 6, 2005 hearing date was in place making their responses due to be filed and served by *hand* no later than *Monday, May 23, 2005* and by *mail* no later than *Friday, May 20, 2005*. Instead on the date the Fike Defendants should have received the pleadings, plaintiffs' Response and Opposition was simply **mailed** (via regular mail) on **May 23, 2005** in violation of law. Because of this violation of Local Rule 78-230(c) the Fike Defendants ask this Court to disregard and not consider any argument, authority or position raised by plaintiffs in their untimely papers.

1

REPLY BRIEF TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

facie showing of facts to sustain a favorable judgment." (Wilcox v. Superior Court (1994) 27 Cal.App.4th 809, 823.) As such, MS. FLORES had to go beyond the pleadings and present admissible evidence showing a probability of success at trial. (Nicosia v. De Rooy (1999) 72 F. Supp. 2d 1093, 1110.) MS. FLORES has failed to do so.

### B. Plaintiff, CONNIE FLORES, Has Not Submitted A Supporting Declaration In Response And Opposition To This Motion To Strike

The first 19 (nineteen) pages of MS. FLORES' Response and Opposition consists of nothing more than her own self-serving version of the facts, as she sees them. However, it is to be noted that MS. FLORES fails to submit any Declaration made pursuant to the penalty of perjury as to the veracity of her version of the so-called "facts." MS. FLORES does not submit her own Declaration or any of her own documents. Instead, she specifically references the untimely submission of exhibits by co-plaintiff, JOE FLORES, as part of the Declaration of Joe Flores.[2] Nowhere within the first 19 (nineteen) pages (out of 34) is there any legal authority to support any opposition to those raised by the Fike Defendants in the subject Motion to Strike. Again, this portion of the excessively long and rambling pleading includes her version of the events that transpired in 1998 through 2003.

In addition, MS. FLORES attempts to attack the sworn Declaration of the Fike Defendants submitted in support of their Motion. She has identified this as "Comments on David A. Fike's Declaration" and attempts to discredit and dispute the sworn Declaration. Again, MS. FLORES attempts this without, herself, submitting any sworn testimony, which would rise to the level of putting anything said/stated by Mr. Fike in dispute.

These portions of MS. FLORES' Response and Opposition should *not* be considered a supportive declaration either setting forth facts upon which the liability is based as required by Cal. CCP §425.16(b) or disputing any of the facts and evidence filed in support of this Motion. This part of the Response and Opposition does not show affirmatively any of the following: (1)

---

[2] The Court is to be reminded that a separate Objection has been filed with regards to the timeliness of the Declaration of Joe Flores. Regardless, said Declaration is submitted only in support of JOE FLORES' Responses and Oppositions to the Motion to Strike. (See, caption and body of said Declaration.) There is no indication that the information contained within the Declaration of Joe Flores is to be used by CONNIE FLORES in her Response and Opposition.

2

IcCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

that the "facts" are made under penalty of perjury; (2) that MS. FLORES is competent to testify to the matters stated; (3) that the information is based on her own personal knowledge; and, that she has set forth admissible evidence. (See, Cal. CCP §437c(d).) In opposing an anti-SLAPP motion, MS. FLORES cannot rely on the allegations of her complaint, but must produce evidence that would be admissible at trial. (Roberts v. Los Angeles County Bar Assn. (2003) 105 Cal.App.4th 604, 613-614.) Thus, declarations may not be based upon "information and belief" (Evans v. Unkow (1995) 38 Cal.App.4th 1490, 1497-1498) and documents submitted without the proper foundation are not to be considered. (Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist. (2003) 106 Cal.App.4th 1219, 1238.)

As such, the Court should not consider any portion of MS. FLORES' Response and Opposition to be a sworn Declaration submitted in opposition of the Fike Defendants' Motion.

C. **Plaintiff, CONNIE FLORES, Does Not Provide Any Legal Argument In Opposition To The Fike Defendants' Position That All Of Her Claims Are Subject To The Provisions Of The Anti-SLAPP Provisions**

Absent from any portion of MS. FLORES' Response and Opposition is any argument, discussion or authority, which would refute the Fike Defendants' claims that each and every one of the subject causes of action are subject to the Anti-SLAPP provisions of the California Code of Civil Procedure. Because MS. FLORES has not contested the Fike Defendants' contention that the 2nd, 3rd, 4th, 7th, 9th, 10th and 11th causes of action fall within the ambit of Cal. CCP §§ 425.16 and 425.17, it is without dispute that the anit-SLAPP provisions apply.

A plaintiff opposing an anti-SLAPP motion bears the burden to make a prima facie showing of facts that would support a judgment in plaintiff's favor. (Kyle v. Carmon (1999) 71 Cal.App.4th 901, 907.

D. **Plaintiff's 2nd Cause Of Action For Malicious Prosecution Must Be Stricken**

In an action for malicious prosecution, the plaintiff must establish that the prior underlying action (1) was commenced by or at the direction of the defendant, or the defendant continued to prosecute it after discovering it lacked probable cause, and it was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. (Crowley v. Katleman (1994) 8 Cal.4th 666, 676.) A cause of action for malicious

3

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

prosecution is subject to anti-SLAPP scrutiny under Cal. CCP §425.16. (Jarrow Formulas, Inc. v. LaMarche (2003) 31 Cal. 4th 728.) A malicious prosecution cause of action arises from the right to petition as it "arises from an underlying lawsuit, or petition to the judicial branch. By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.]" (Id., at pp. 734-735.)

Because the initial burden of showing that the malicious prosecution claim was subject to scrutiny of the anti-SLAPP provisions was met, the burden shifted to MS. FLORES, as a plaintiff in this case, to establish a probability of prevailing in the litigation. (Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 67.) "To satisfy this prong, the plaintiff must 'state[] and substantiate[] a legally sufficient claim.' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."' " [Citation.]" (Jarrow Formulas, supra, at 741.)

### 1. *No Evidence Exists To Show A Probability Of Prevailing On The Claim That The Fike Defendants Lacked Probable Cause To Prosecute This Action*

MS. FLORES has failed to present a prima facie case that the underling lawsuit was brought without probable cause. The probable cause element calls on the trial court to make an *objective* determination of the reasonableness of the defendant's conduct. (Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 878.) As such, the court need not determine whether the attorney "subjectively believed that the prior claim was legally tenable." (Id.) As such, the correct standard to apply is not whether the particular defendant believed one way or another about the legal merits of a claim, but whether "*any reasonable attorney* would agree that the [action] is *totally and completely without merit*." (Id., at 885; emphasis added.)

The Fike Defendants have submitted uncontroverted evidence of the following, all of which supports the existence of "probable cause": (1) The Fike Defendants' clients provided both testimonial and documentary evidence that *both* JOE and CONNIE FLORES were indebted for monies loaned pursuant to a promissory note, and it was reasonable and proper for the Fike Defendants to rely on their clients' representations; (2) The Fike Defendants' clients provided

4

both testimonial and documentary evidence that DDJ, Inc., had an agreement with Taft & Traner, Inc., that DDJ, Inc., would take responsibility for defending the underlying lawsuit and for pursuing the Counterclaim for the plaintiffs' outstanding debt; (3) The Fike Defendants' independent review of all of the documents established probable cause that *both* JOE and CONNIE FLORES were responsible for any debts incurred under the promissory note; (4) Judge Ishii permitted the issues of the Counterclaim to the jury, thereby further showing the "probable cause" of standing to bring the action and that MS. FLORES was also potentially in breach; and, (5) The trial testimony established probable cause for the Fike Defendants' clients to pursue the Counterclaim.

MS. FLORES wrongly concludes that the jury's finding that the Counterclaim lacked merit is evidence of the non-existence of probable cause and that the Fike Defendants knew there was no probable cause and the case was tenable. (See, 24:27-25:3.)  This is an incorrect and unsupported interpretation of the law.  The jury's findings are insufficient, as a matter of law, to establish a probability of prevailing.  There is a difference between whether a party has probable cause to file a suit and whether that party prevails in the end.  Many plaintiffs may have probable cause to initiate litigation, but do not ultimately win the suit.

> Probable cause may be present even where a suit lacks merit. Favorable termination of the suit often establishes lack of merit, yet the plaintiff in a malicious prosecution action must separately show lack of probable cause. Reasonable lawyers can differ, some seeing as meritless suits which others believe have merit, and some seeing as totally and completely without merit suits which others see as only marginally meritless. Suits which all reasonable lawyers agree totally lack merit - that is, those which lack probable cause - are the least meritorious of all meritless suits. Only this subgroup of meritless suits presents no probable cause. (Jarrow Formulas, *supra*, at 743, fn. 13.)

MS. FLORES has not established that she would have prevailed in showing the existence of no probable cause on the part of the Fike Defendants to bring and prosecute the Counterclaim. Her self-serving conclusions is not enough to overcome the evidentiary support produced by the Fike Defendants and the lack of evidence produced by herself.

2.  *No Evidence Exists To Show The Probability Of Prevailing On The Theory That The Fike Defendants Acted With Malice*

MS. FLORES attempts to infer malice on the part of the Fike Defendants through the

5

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

Declaration of Joe Flores and the attachments. Namely, she briefly discusses the disagreements, legal/discovery disputes and differing of opinions between the Fike Defendants and her and her husband as evidence of malice. This inference is not supported by credible evidence and the information produced does not satisfy her burden that she would probable have prevailed in establishing malice.

In a malicious prosecution claim, the malice element relates to the subjective intent or purpose with which the defendant acted in initiating the prior action. (Padres L.P. v. Henderson (2003) 114 Cal.App.4th 495, 522.) To establish this element, the plaintiff is required to show that the defendant had an improper motive in bringing the prior actions. (Id.)

> Suits with the hallmark of an improper purpose are those in which: ... (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim. (George F. Hillenbrand, Inc. v. Insurance Co. of North America (2002) 104 Cal.App.4th 784, 814.)

Here, MS. FLORES has clearly and unequivocally failed to establish the existence or inference of "malice" on the part of the Fike Defendants. As such, she has failed to show a probability of prevailing on this element of malicious prosecution. Thus, the entire cause of action should be stricken.

### E. The 3rd Cause Of Action (Malicious Abuse Of Process) Must Be Stricken

MS. FLORES has not provided the Court with any evidence to show the probability of overcoming the "litigation privilege" provided by California Civil Code §47 and thus, has not met her burden of establishing the likelihood of prevailing on this cause of action. In fact, MS. FLORES fails to address the applicability of this privilege in her Response and Opposition.

The tort of abuse of process arises when one uses the Court's process for a purpose other than that for which the process was designed. (5 Witkin, Summary of California Law (9th Ed. 1988) Torts, §459, p. 547.) "[T]he essence of the tort [is] ... misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." (Meadows v. Bakersfield S. & L. Assn. (1967) 250 Cal.App. 2d 749, 753.) To succeed

6

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

in an action for abuse of process, a litigant must establish two elements: that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings. (Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc. (1986) 42 Cal.3d 1157, 1168.) In other words, abuse of process requires an act outside the purpose of the process. (Younger v. Solomon (1974) 38 Cal.App.3d 289, 297.)

This litigation privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation. ..." (Silberg v. Anderson (1990) 50 Cal.3d 205, 212.) It is aimed at giving litigants and witnesses "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. [Citations.]" (Id., at 213.) "To effectuate its vital purposes, the litigation privilege is held to be *absolute* in nature. [Citations.]" (Id., at 215; Emphasis added.) "The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the action." (Id., at 219-220.)

Here, every action, statement, letter or other communication made by the Fike Defendants was made in the course and scope of litigation on behalf of their clients. MS. FLORES has simply provided no evidence of a misuse of the legal process. The fact that she had a differing of opinions with regards the interpretation of the evidence is insufficient to find abuse of process and the non-applicability of the litigation privilege.

MS. FLORES wrongly relies on Barquis v. Merchants Collection Association (1972) 7 Cal.3d 94, 104, fn. 4, to show she would prevail on the "abuse of process" theory even in the face of the litigation privilege. In Barquis, the California Supreme Court held that a plaintiff stated a cause of action for abuse of process by alleging that a collection agency "willfully and knowingly filed actions in an *improper county* pursuant to statutorily inadequate pleadings ... for the ulterior purpose and with the intent to impair individuals' rights to defend suits and, in effect, to coerce inequitable settlements and default judgments by making it inconvenient for defendants to defend suits on their merits." (Id., at 104.) Specifically, the Barquis court noted that the "widespread

7

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

occurrence of the alleged misfiling abuse" "stated a cause of action for injunctive relief from an abuse of process." (Id., at 108.) Notwithstanding the recognition of abuse of process in this decisions involving enforcement or enforcement-like contexts, this authority does *not* address the litigation privilege of Cal. Civ. Code §47(b).)

More recent decisions, invoking the litigation privilege, have strictly limited use of that tort. (See, Kimmel v. Goland (1990) 51 Cal.3d 202, 209; Mero v. Sadoff (1995) 31 Cal.App.4th 1466, 1479; Merlet v. Rizzo (1998) 64 Cal.App.4th 53, 65-66.) Another highly relevant and recent decision in the judgment enforcement context is O'Keefe v. Kompa (2000) 84 Cal.App.4th 130. In O'Keefe, the plaintiff sued for abuse of process after the defendants attempted to enforce a judgment entered against the plaintiff in another action while that action was on appeal. The trial court sustained the defendants' demurrer without leave to amend; the appellate court affirmed, holding that the enforcement efforts (levying on a bank account and filing an abstract of judgment) were privileged "extension[s] of th[e] judicial process" which "were logically and legally related to the realization of a litigation objective--that is, collection of a judgment." (Id., at 132, 134-135.) Similar to MS. FLORES' complaints about the Fike Defendants attempting to collect a bad debt, plaintiff O'Keefe complained that the levy on his bank account constituted an abuse of process. And similarly, O'Keefe suggested that the filed legal document was done fraudulently. The appellate court rejected these claims noting that, for policy reasons, *even an otherwise qualifying fraudulent act is privileged under section Cal. Civil Code §47(b)*. (Id., at 135.) The court added: "The conclusion that defendants' actions were privileged (even if, as alleged, wrongful and harmful) necessarily means plaintiff has no tort remedy against them." (Id.)

**F.   Implicit In All Of Plaintiff's Causes Of Actions Is The Underlying Theme Of Conspiracy Between The Fike Defendants And Their Clients**

In each and every Cause of Action included in her Complaint there is an allegation of conspiracy between the moving party and their former clients. (Complaint, ¶¶ 6, 7, 8, 151, 174, 260, 340, 353, 363, 471, 485, 501, 507, 522.) However, any Cause of Action regarding a civil conspiracy must fail and must be stricken. The Response and Opposition does not provide any support to warrant the inclusion of any language suggesting a civil conspiracy.

8

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to the plaintiff from an act or acts done in furtherance of the common design. (Applied Equipment Corp. v. Litton Saudi-Arabia Ltd. (1994) 7 Cal.4th 503, 511.) The defendant must share a common purpose with another person, not merely suspect or have knowledge of the other person's private purpose. (Harris v. Capitol Records Corp. (1966) 64 Cal.2d 454, 462.) In seeking to impose liability on alleged co-conspirators as joint tort feasors, it is essential that each defendant charged with responsibility should have been proceeding tortiously, that is, with intent to commit a tort or its negligence, because one who innocently does an act that furthers the tortious purpose of another is not acting in concert with him or her. (Orser v. George (1967) 252 Cal.App.2d 660, 667.) An attorney may not be held liable for conspiracy to cause a principal who violated a duty that is binding on the principal alone. (See, Doctor's Co. v. Superior Ct. (1989) 49 Cal.3d 39, 46-48.)

MS. FLORES has failed to obtain a pre-litigation Order from this Court before pursuing this lawsuit. Specifically, California Civil Code §1714.10(a), in pertinent part, states the following:

> (a) *No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute*, and which is based upon the attorney's representation of the client, *shall be included in a complaint or other pleading unless the court enters an order allowing the pleading* that includes a claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. (emphasis added.)

When a plaintiff fails to obtain this court order, Cal. Civil Code §1714(b) holds that said failure is a **complete defense** to any action for civil conspiracy.

> (b) *Failure to obtain the court order or required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof.* The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer, *motion to strike*, or such other motion or application as may be appropriate. (emphasis added.)

Based on the lack of any pre-litigation Order from the Court allowing for a lawsuit alleging a civil conspiracy based on the Fike Defendants' representation of the underlying defendants is a complete defense to the allegations of civil conspiracy in each and every one of the subject Causes of Action. As a result, California Civil Code 1714.10 represents a separate

9

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFF, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

and independent basis from CCP § 425.16 to strike the conspiracy claiMS.

G. **Plaintiff Has Not Opposed The Fike Defendants' Motion to Strike The 4th Cause Of Action (Violation Of Fraudulent Transfer Act)**

Despite the fact this subject Motion specifically seeks to strike MS. FLORES' 4th Cause of Action for the alleged violation of the Fraudulent Transfer Act (Cal. Civil Code §3439, et seq.), MS. FLORES makes no mention of this Cause of Action in her Response and Opposition. As such, the portion of the Motion is uncontradicted and undisputed. As such, the Court must grant the Fike Defendant's Motion to Strike the 4th Cause of Action.

H. **The Court Must Grant The Motion To Strike Plaintiff's 7th Cause Of Action (Conversion)**

The Fike Defendants' argument and authority in favor of this portion of the Motion to Strike has not been opposed by MS. FLORES. As such, the facts and evidence are undisputed, thereby warranting the Court's granting of this Motion to Strike the 7th Cause of Action for Conversion.

I. **No Opposition Is Produced To The Fike Defendants' Motion To Strike The 9th Cause Of Action (Negligent Interference With A Contract)**

MS. FLORES' 9th Cause of Action seeks damages from the Fike Defendants for Negligently Interfering with a Contract. (Complaint, 124:24-127:17.) No opposition, fact, evidence or argument has been produced by MS. FLORES, which would overcome the pending Motion. Namely, no showing has been made that MS. FLORES will probably prevail on this theory or that the moving party was not privileged. In fact, this Cause of Action is not mentioned at all by MS. FLORES in her extensive Response and Opposition.

J. **Plaintiff Concedes That The 10th Cause Of Action (Conspiracy To Defraud) Should Be Stricken Under The Ambit Of California's Anti-SLAPP Statute**

Nowhere in MS. FLORES' rambling thirty-four (34) page Response and Opposition does she raise any objection or offer any facts/evidence in opposition to the Motion to Strike this Cause of Action. MS. FLORES has not contested the fact that her 10th Cause of Action for Conspiracy to Defraud (complaint, 127:18-132:16) falls within the ambit of California's Anti-

ICCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

SLAPP statutes, namely Cal. CCP §425.16. As such, this portion of the Motion is unopposed and uncontroverted and thereby shall be granted by this Court.

K.  **Plaintiff Concedes That The 11th Cause Of Action (Invasion Of Privacy) Should Be Stricken Under The Ambit Of California's Anti-SLAPP Statute**

MS. FLORES has not raised any argument or set forth any facts/evidence that would undermine the Fike Defendants' entitlement to a Motion Striking the 11th Cause of Action for Invasion of Privacy (Complaint, 132:17-1377.) As such, this portion of the pending Motion is unopposed and should be granted, without leave to amend.

## II.

## CONCLUSION

WHEREFORE, for the reasons set forth in detail in the April 27, 2005 Motion to Strike and as further argued in this Reply Brief, the Fike Defendants request this Court to grant their Special Motion to Strike the 2nd, 3rd, 4th, 7th, 9th, 10th and 11th causes of action from MS. FLORES' Complaint. *In addition, the Fike Defendants seek an Order from this Court awarding them their attorneys' fees and costs associated with the bringing of this Motion.*[3]

Dated: October 14, 2005

McCORMICK, BARSTOW, SHEPPARD
WAYTE & CARRUTH LLP

By: _____
Marshall C. Whitney
Scott M. Harkless
Attorneys for Defendants
EMERICH & FIKE, a professional corporation, DAVID R. EMERICH, an individual, DAVID A. FIKE, an individual, JEFFREY D. SIMONIAN, an individual, THOMAS A. PEDREIRA, an individual, and LAWRENCE E. WESTERLUND, an individual

51669/00209-828071.v1

---

[3] California Code of Civil Procedure §425.16(c) provides for the recovery of reasonable attorneys' fees and costs for the Fike Defendants pursuant to a post-ruling Motion. (See, Weil & Brown, Civil Procedure Before Trial, §7:264, p. 7-88.9, citing American Humane Assn. v. Los Angeles Times Communications (2001) 92 Cal.App.4th 1095, 1103.)

11

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*REPLY BRIEF* TO PLAINTIFFS, CONNIE FLORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER RESPONSE AND OPPOSITION TO MOTION TO STRIKE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On October 17, 2005, I served the within documents:

***REPLY BRIEF*** **TO PLAINTIFF, CONNIE FLORES' RESPONSE AND OPPOSITION TO MOTION TO STRIKE FROM THE COMPLAINT THE FOLLOWING CAUSES OF ACTION: THE SECOND (MALICIOUS PROSECUTION), THIRD (ABUSE OF PROCESS), FOURTH (VIOLATION OF UNIFORM FRAUDULENT TRANSFER ACT), SEVENTH (CONVERSION), NINTH (NEGLIGENT INTERFERENCE WITH A CONTRACT), TENTH (CONSPIRACY), AND ELEVENTH (INVASION OF PRIVACY/DEFAMATION)**

[X] **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:30 p.m.

[ ] **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[X] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

[ ] **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

[X] **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 17, 2005, at Fresno, California.

_Nancy Stevens_
Nancy Stevens

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. BOX 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE

# SERVICE LIST
## (USDC CASE NO. 05-0291 REC-DLB)

**BY FAX & U.S. MAIL**
Joe Flores
P.O. Box 3086
Visalia, CA 93278-3086
Phone: (559) 732-4222
Fax: (559) 732-4222
Email: cfa4farmers@sbcglobal.net
(In Pro Per)

**BY FAX & U.S. MAIL**
Connie Flores
P.O. Box 2771
Fresno, CA 93745
Telephone: (559) 732-4222
Facsimile: (559) 732-4222
(In Pro Per)

**BY FAX & U.S. MAIL**
Michael Hedberg
22864 Road 15 1/2
Chowchilla, CA  93610-9721
Telephone:  (559) 665-1072
Facsimile:  (559) 665-2880
(In Pro Per)

**BY ELECTRONIC SUBMISSION**
Thomas H. Armstrong, Esq.
5250 N. Palm, Suite 224
Fresno, CA 93704
Telephone:  (559) 447-4700
Facsimile:   (559) 449-2693
Attorney for Chapter 7 Bankruptcy Trustee:
James E. Salven (Debtor DDJ, Inc.)

**BY ELECTRONIC SUBMISSION**
Mark Crone, Esq.
The Crone Law Group, LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415-495-8900
Fax: 415-495-8901
Telephone:  (415) 495-8900
Facsimile:  (415) 495-8901
(Attorneys for Russell Davidson, W. D. Farming, LLC)

**BY ELECTRONIC SUBMISSION**
James A. DiBoise, Esq.
Tracy Tosh Lane, Esq.
Wilson Sonsini Goodrich & Rosati
One Market Street, Spear Tower, Suite 1300
San Francisco, CA 94105-1126
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099
(Attorneys for Dennis Hagobian, Victoria Hagobian, Judith Yeramian, The Lee Yeramian Family Trust, The Lee Yeramian Exempt QTIP Trust, The Judith Mary Yeramian Family Trust, The Victoria Hagobian Residence Trust, The Dennis Hagobian Residence Trust, Rod Christensen and Yosemite Technologies, Inc.)

**BY ELECTRONIC SUBMISSION**
Robert K. Hillison, Esq.
Russell G. Van Rozeboom, Esq.
Caswell, Bell & Hillison, LLP
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704-2225
Telephone:  (559) 225-6550
Facsimile:   (559) 225-7912
Attorneys for Sandy L. Vartan

51669/00209-820270.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE