UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, an individual; and CONNIE FLORES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> EMERICH & FIKE, a professional corporation, et al. <br><br> Defendants. | 1:05-CV-0291 OWW DLB <br><br> ORDER RE STATUS OF STAY OF ACTION |

There has been considerable confusion regarding the procedural status of this case. Among other things, a stay was entered in this case as to all claims against all parties in May and June of 2005 because a number of the Defendants had filed for bankruptcy protection. (*See* Docs. 72 & 82.) Shortly thereafter, on July 5, 2006, the stay was lifted as to certain claims against the Fike Defendants, but the stay remained in place as to other claims against the Fike Defendants. (Doc. 89.) That order provided that the stay remained in place and as to all claims against the other, non-Fike defendants. (Doc. 89 at 7.)

1

1   Subsequently, after reviewing a report from the bankruptcy
2  trustee, in a minute order entered on September 16, 2005, the
3  district court indicated that "the stay is vacated as to all
4  claims in this case." (Doc. 92.) The remaining, non-Fike
5  Defendants interpreted this minute order to apply only to the
6  claims against the Fike Defendants. (*See* Doc. 212.) In fact,
7  during a recent hearing, held May 12, 2007, Plaintiffs indicated
8  a similar understanding of the September 16, 2007 order (i.e.,
9  that the stay as to the non-Fike Defendants remained in place).
10 (*See* Doc. 189 at 3 n.1.) Without the benefit of briefing or
11 argument on the issue, the district court attempted to clarify
12 this procedural situation in its March 29, 2007 order, indicating
13 that, according to the plain language of the September 16, 2005,
14 minute order, the stay had been lifted as to <u>all</u> defendants.
15 (*Id.*)

16   Less than a week later, on April 2, 2007, relying on the
17 district court's March 29, 2007 order, Plaintiffs requested that
18 the Clerk of Court enter default against the remaining, non-Fike
19 Defendants. (Docs. 192-210.)

20   Having reviewed the record again, the district court
21 recognizes that the September 16, 2005 minute order is subject to
22 the interpretation advanced by Defendants. The general rule is
23 that default judgments are "appropriate only in extreme
24 circumstances; a case should, whenever possible, be decided on
25 the merits." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d
26 1097, 1103 (9th Cir. 2006). Given the confusion over the
27 applicability of the stay, shared by Plaintiffs, Defendants, and
28 the Court, the entry of default by the Clerk of Court is

inappropriate and inequitable under the circumstances.  No defaults shall be entered at this time.

There is also potential for uncertainty regarding which complaint is operative.  For the purposes of proceedings against the remaining, non-Fike Defendants, the First Amended Complaint (Doc. 113) is the operative complaint.

All non-Fike Defendants shall have through May 5, 2007 to respond to the First Amended Complaint.

IT IS SO ORDERED.

**Dated:   April 13, 2007**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE