IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, an individual, and CONNIE FLORES, an individual,<br><br>  Plaintiffs,<br>  v.<br>EMERICH & FIKE, a professional corporation, et al.,<br>  Defendants. | 1: 05 - CV - 0291 AWI DLB<br><br>ORDER GRANTING MOTIONS' TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Documents #225, #233, #235) |

**BACKGROUND**

On March 1, 2005, Plaintiff Joe Flores and Plaintiff Connie Flores ("Plaintiffs") filed a complaint. The complaint contains eleven causes of action: (1) alter ego Liability; (2) malicious prosecution; (3) malicious use of process, spoilation of evidence, and fraudulent concealment of evidence; (4) violations of the Uniform Fraudulent Transfer Act; (5) violations of PACA; (6) fraud, deceit, intentional and negligent fraud, constructive fraud, and breach of fiduciary duty; (7) conversion; (8) RICO violations; (9) interference with or procure a breach of contract; (10) conspiracy to defraud, interfere in a business relationship, unlawfully injure a business, destroy a business, and slander or title; (11) invasion of privacy and defamation.

On May 4, 2007, Defendants Dennis Hagobian, Victoria Hagobian, the Dennis Hagobian Residential Trust, the Victoria Hagobian Residential Trust, Yosemite Technologies, Inc., and Rod Christensen ("Hagobian Defendants") filed a motion to dismiss the complaint. On May 7, 2007, Defendants Sandy L. Vartan, Judith Yeramian, the Judith Mary Yeramian Family Trust,

and the Lee Yeramian Exempt QTIP Trust ("Yeramian Defendants") filed a motion to dismiss the complaint.[1]   On May 7, 2007, Defendants Russell Davidson and W.D. Farming LLC joined the motion to dismiss filed by the Hagobian Defendants.   On June 7, 2007, Plaintiff Joe Flores filed a late opposition, which Plaintiff Connie Flores joined.   On June 11, 2007, Hagobian Defendants filed a reply.   On June 18, 2007, Plaintiff Joe Flores filed a supplemental opposition, which Plaintiff Connie Flores joined.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Essentially, a motion to dismiss for failure to state a claim tests the plaintiff's compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294-96. Rule 8(a)(2) requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).   Rule 8(a)(2) requires sufficient allegations to put defendants fairly on notice of the claims against them.  McKeever v. Block,

---

[1] The court recognizes that default has been entered as to some Defendants.  However, because the motions are brought on behalf of other Defendants, the court finds that it is appropriate to resolve the pending motions despite the entry of default as to some Defendants.

2

932 F.2d 795, 798 (9th Cir.1991); Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1976 (2007) (quoting Swierkiewicz). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## FACTS

**A. Facts Alleged in the Complaint**

The complaint alleges that the claims against Defendants arose from a written packing and marketing agreements entered into between Plaintiffs and DDJ, Inc. On September 26, 1995, April 4, 1996, February 18, 1997, and March 23, 1998.

In an underlying action entitled Flores, et al v. DDJ, Inc., et al, 1:99-cv-5878 AWI DLB ("Flores I"), Plaintiffs sued DDJ, Inc. and DDJ, LLC for PACA violations, breach of contract, breach of fiduciary duty, fraud, and conversion. In the underlying action, DDJ, Inc. and DDJ, LLC filed a cross-complaint for breach of contract and failure to pay loan advances. On July 25, 2003, a jury returned a verdict in favor of Plaintiffs. Plaintiffs then filed a motion to add judgment debtors in the underlying action based on a theory of alter ego.

The complaint alleges that during review of documents in preparation for the motion to add alter egos as judgment debtors, Plaintiff s discovered that Defendants fraudulently transferred all assets belong to DDJ, Inc. and DDJ, LLC to Defendants.

The complaint alleges that Plaintiffs then filed a complaint to set aside fraudulent transfers in violation of the California Fraudulent Transfer Act, entitled Joe Flores, et al. v. Dennis Hagobian, et al., 1:04-cv-6405 AWI DLB ("Flores II").

The complaint alleges that on January 3, 2005, DDJ, Inc. and DDJ, LLC filed bankruptcy. The complaint alleges that the bankrupcty gave rise to further investigation and this action ("Flores III").

The complaint alleges Defendants are the owners, directors, officers, members, and/or agents of DDJ, Inc. and/or DDJ, LLC. The complaint alleges Defendants are the alter egos of DDJ, Inc. and/or DDJ, LLC.

**B. Judicial Notice**

Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir. 1987). The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

**DISCUSSION**

**A. Rule 8**

Preliminarily, the court notes that the complaint does not contain a short and plain statement the Plaintiffs' claims and does not sufficiently puts Defendants on notice of the claims against them. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

The complaint is not short and to the point, containing only those facts necessary to state one or more claims against each Defendant. The complaint is some 142 pages. The complaint contains unnecessary background information. The complaint is unclear on what facts support

the listed causes of action and which facts have merely been added as background information. The function of the complaint is to place each defendant on notice as to the plaintiff's claims. It is not the function of the complaint to list every single fact relating to Plaintiffs' claims and it is not the function of the complaint to include all of the evidence in Plaintiffs' possession that they intend to use to support the claims. In addition, it is not even clear what causes of action are before the court. Several of the complaint's 11 causes of action include several torts. For example, the sixth cause of action is for fraud, deceit, "intentional and negligent fraud", constructive fraud, and breach of fiduciary duty. It is unclear if this is one cause of action stated several different ways or if this is six separate causes of action. The complaint simply fails to comply with Rule 8. Thus, as discussed more fully below, the court will dismiss the complaint with leave to amend. When filing any amended complaint, Plaintiffs must submit an amended complaint to the court that meets the requirements of Rule 8.

**B. Duplicative Lawsuit**

The complaint references two other lawsuits in this court, Flores I and Flores II. The presence of these other lawsuits raises concerns that Plaintiffs are litigating their claims against Defendants in a confusing, piecemeal fashion. It appears that Plaintiffs may be raising causes of action that are or could have been raised in either Flores I or Flores II.

The court has broad discretion to control its docket. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). After weighing the equities of the case of a duplicative case the court may exercise its discretion to dismiss a duplicative action, stay the action pending resolution of the first action, enjoin the parties from proceeding with it, or consolidate both actions. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines

whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689.   First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test; the most important factor being whether the two suits arise out of the same transactional nucleus of facts." Id (citing Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982).  Here, it appears that this action shares some common transactional nucleus of facts with Flores I.   Flores I also concerned the written packing and marketing agreements entered into between Plaintiffs and DDJ, Inc. on September 26, 1995, April 4, 1996, February 18, 1997, and March 23, 1998.   While it is almost impossible to discern which of the complaint's allegations are merely being provided as background information and which are provided to support distinct causes of action, it appears as though Plaintiffs are attempting to raise claims concerning the same packing agreements at issue in Flores I.   For example, Plaintiffs' alter ego cause of action is similar to the motion to add judgment debtors filed in Flores I.    While Plaintiffs' oppositions appear to focus this action on events that occurred when DDJ, Inc. and DDJ, LLC were sold in 2002 and 2003, which would not arise from the same facts as Flores I, the complaint is confusing because of the presence of significant facts surrounding what occurred regarding the packing agreements in 1995 through 1998.   To the extent Plaintiffs are attempting to re-litigate these issues, the evidence is the same as that submitted in Flores I or that which could have been submitted.    Further, a judgment on causes of action in this case could impair rights and interests established by the judgment in Flores I.   For example, a ruling on alter ego claims in this action may be inconsistent with findings concerning alter ego in Flores I.   In addition, a ruling on the fraud causes of action in this case may differ from the jury's award in Flores I.

The court recognizes that this action contains claims that could not have been litigated in Flores I, and it does appear from Plaintiffs opposition that most of the causes of action are based on facts that did not accrue until the time DDJ, Inc. and DDJ, LLC were sold.   To this extent, this action is not duplicative of Flores I.   The concern, however, is that it is duplicative of Flores

II.   Both Flores II and this action concern Defendants' actions in selling, dissolving, and dissipating DDJ, Inc., DDJ, LLC, and these entities' assets.   As with this action, Flores II seeks to set aside alleged fraudulent transfers concerning DDJ, Inc. and DDJ, LLC,   While the facts underlying this action and Flores II are not identical, they appear to arise from the same operative facts - Defendants actions in selling, dissolving, and dissipating DDJ, Inc., DDJ, LLC, and these entities' assets.   In addition, there is grave concern that any judgment in this action could be inconsistent with a judgment in Flores II.   Finally, although distinct rights are at issue in both this case and Flores II, this factor alone does not give reason to have duplicative lawsuits.   It appears to the court that many of the claims in the present complaint arise out of the same transactional nucleus of facts asserted in Flores II.   Because both actions concern Defendants actions in selling, dissolving, and dissipating DDJ, Inc., DDJ, LLC, and these entities' assets, it would appear substantially the same evidence would be presented in both actions.

The Defendants in Flores II and this action are similar.   However, the court recognizes that the Defendants in Flores I were DDJ, Inc. and DDJ, LLC, and not the Defendants named in this action.   However, in determining if an action is duplicative, the court looks not at whether the defendants are identical, but rather on whether they are in privity with each other.   Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).

Here, the Defendants were the owners, directors, officers, members, and/or agents of DDJ, Inc. and/or DDJ, LLC.   Thus, Defendants in this action and the Defendants in Flores I had a close relationship   See, e.g., Adams, 487 F.3d at 691 (finding employees of corporation in privity when employees submitted evidence in prior action and corporation's liability predicated on action's of employees); Irwin, 370 F.3d at 930-31 (finding senior corporate officer virtually represented by his corporation).   In fact, Plaintiffs allege that not only did Defendants control

7

DDJ, Inc. and/or DDJ, LLC, Defendants were the alter egos of DDJ, Inc. and/or DDJ, LLC. Thus, based on the complaint's allegations, Defendants in this action were represented by DDJ, Inc. and/or DDJ, LLC in Flores I.

When faced with duplicative actions, the court maintains discretion of dismiss the later filed complaint with prejudice, dismiss the complaint without prejudice, consolidate the cases, or stay or enjoin proceedings. Adams, 487 F.3d at 692. Here, it appears that the complaint is duplicative of causes of action that were raised or could have been raised in Flores I or Flores II. As such, this court has serious concerns about the duplicative nature of this lawsuit. However, at this time, the court will not dismiss this action with prejudice as duplicative. The court will give Plaintiffs the opportunity to omit duplicative causes of action in any amended complaint and file any reasonable motions to streamline their cases to avoid duplicate work for the court and the parties. At this time, Plaintiffs are simply forewarned that if necessary, the court will take steps to prevent Plaintiffs from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

**C. Statute of Limitations**

Defendants contend that some the complaint's causes of action are barred by the applicable statute of limitations. In the opposition, it does not appear that Plaintiffs disagree with most, if not all, of the statute of limitations being used by Defendants. Rather, Plaintiffs contend that their causes of action did not accrue until approximately 2002 and 2003 when Defendants allegedly improperly sold, destroyed, and dissipated DDJ, Inc., DDJ, LLC, and these entities' assets.

The differences in what facts the parties believe support what causes of action leads them to different conclusions on when the statute of limitations accrued. Defendants take the position that Plaintiffs are litigating events that occurred in 1995 through 1998 concerning the packing agreements. Plaintiffs take the position that they are litigating Defendants' actions in

2002 and 2003 to hide assets from Plaintiffs.   The complaint's failure to comport with Rule 8 makes it impossible to determine which events support the various causes of actions, allowing the court to determine if any statute of limitations has been violated.   In any amended complaint, Plaintiffs must clarify the specific facts that support Plaintiffs' causes of action.  Causes of action arising out of events that occurred between 1995 through 1998 will be dismissed, for among other reasons, as violating the applicable statute of limitations.

**D. Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   The court cannot find that at least some of the complaint's allegations could not be cured by amendment.   As such, the court will grant Plaintiffs the opportunity to amend the pleadings in this case.

Any amended complaint should be short and to the point, containing only those facts necessary to state one or more causes of action against each Defendant.   Plaintiffs' amended complaint should not contain legal arguments, citations to legal authority, or unnecessary background information.   Plaintiffs are advised that any causes of action in the amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support such a theory.   When filing any amended complaint, Plaintiffs must submit an amended complaint that meets the requirements of Rule 8.   In addition, Plaintiffs should be mindful of the following legal points.

*1.   Alter Ego*

The complaint contains alter ego allegations.   Specifically, Plaintiffs contend that Defendants are the alter egos of the Defendants in Flores I.   Plaintiffs seek to hold these Defendants liable for the verdict in Flores I by establishing that they are alter egos of DDJ Inc.

and DDJ LLC.  The alter ego allegations in this action are clearly duplicative of the motion to amend judgment debtors filed in Flores I.  Thus, Plaintiffs clearly must either withdraw the alter ego motion filed in Flores I or withdraw the alter ego cause of action from this case.  The question is whether Plaintiffs are required to proceed with their alter ego claims in one action over the another.

Under California law, alter ego is usually established after a judgment has been entered against the defendant corporation through a motion to add a judgment debtor.  See Cigna Property and Casualty Insurance Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998); Dow Jones Co. v. Avenel, 151 Cal.App.3d 144, 148 (1984).  Federal Rule of Civil Procedure 69(a) governs the execution of judgments awarded by federal courts.  In the absence of controlling federal authority, Rule 69(a) requires the district court to follow "practices and procedures of the state in which the district court is held." Fed.R.Civ.P. 69(a).  The court looks to California law to determine whether a new complaint may contain allegations that parties are the alter ego of defendants in another action to obtain satisfaction of the judgment in the other action.

Section 187 of the California Code of Civil Procedure states "[a] trial court has the authority to amend a judgment in order to add additional judgment debtors." Dow Jones Co. v. Avenel, 151 Cal.App.3d 144, 148 (1984).  Under California law, a judgment may be amended to impose liability upon a person who was not a party to the underlying litigation pursuant to the alter ego doctrine.  Farenbaugh & Son v. Belmont Construction, Inc., 194 Cal.App.3d 1023, 1029 (1987); Dow Jones Co. v. Avenel, 151 Cal.App.3d at 148; Alexander v. Abbey of the Chimes, 104 Cal.App.3d 39, 44 (1980); Mirabito v. San Francisco Dairy Co., 8 Cal.App.2d 54, 60 (1935); see also  Rutter, CAL. PRACTICE GUIDE: ENFORCING JUDGMENTS/DEBTS CH. 6G-15;  6:1575 (2007).

In some circumstances, the issue of alter ego may be raised in a completely new second action.   In California, where a plaintiff brings a wholly separate action against an individual on

an alter ego theory to enforce a prior judgment against a corporation, the action must be based upon a different "primary right" than that which was litigated in the first case. See <u>Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.</u>, 29 Cal.App.4th 1828, 1840-41 (1994); CAL. CIV. PRAC. BUSINESS LITIGATION § 5:24, Raising alter ego issue (2007).

At least one federal case has also allowed alter ego allegations to proceed in a second action. In <u>Blackburn Truck Lines Inv. V. Francis</u>, 723 F.2d 730 (9th Cir. 1984), the plaintiff had obtained a default judgment in federal district court against corporate entities. A second suit was filed in an effort to collect on the earlier judgment from the sole owners of the corporations on a theory that the defendants in the second suit are the alter egos of the corporate entities. <u>Id</u>. at 731. After the district court dismissed the second action for lack of jurisdiction, the Ninth Circuit reversed. The Ninth Circuit found that, in one sense, the second suit was effort to enforce the initial default judgment and, in another sense, an effort to accomplish what joining the defendants to the first action would have provided. <u>Id</u>. at 732. The Ninth Circuit concluded that the court had jurisdiction to decide the alter ego issue in order to give effect to its judgment. <u>Id</u>. The Ninth Circuit reasoned that the second case could be viewed as a proceeding merely supplementary to and in aid of the plaintiff's judgment against the corporate entities. <u>Id</u>. at 732 -33. In conclusion, the Ninth Circuit stated:

> It follows that in this case jurisdiction exists without regard to whether it is viewed as a proceeding independent of the default judgment against [the corporate entites], or as one in aid of that judgment as envisioned by Rule 69(a). In either event, state law will determine the liability, if any, of the appellees. Difficult questions of federal jurisdiction are suggested by the facts of this case. Our holding, however, is a narrow one applicable only to the facts of this case. We intend to lay down no broad jurisdictional principles.

<u>Id</u>. at 733.

Here, Plaintiffs are not foreclosed from amending judgment in Flores I to include Defendants as alter egos. In fact, such a motion is pending. Based on the above cited authority, it appears that Plaintiffs should raise the issue of alter ego in a motion to amend judgment in Flores I and not in this separate action. At this time the court will not prohibit Plaintiffs from

11

alleging alter ego claims in any amended complaint. However, the court would expect any amended complaint that contains alter ego allegations be filed with a motion to withdraw the motion to add judgment debtors in Flores I.

## 2. *Spoilation of Evidence*

The complaint contains a spoilation of evidence claim that arises from Defendants' alleged conduct in Flores I. It appears such a claim is barred.

In Cedars-Sinai Medical Center v. Superior Court, 18 Cal.4th 1(1998), the California Supreme Court held that there is no tort remedy for intentional spoliation of evidence by a party to an action. Id. at 17-18. The California Supreme Court's holding concerned intentional spoliation of evidence if the spoliation victim knew or should have known of the spoliation before the trial or other decision on the merits in the underlying action. Id. at 17-18. In Temple Community Hospital v. Superior Court, 20 Cal.4th 464 (1999), the California Supreme Court extended the holding of Cedars Sinai to intentional third party spoliation of evidence. Id. at 466, 478. The California Supreme Court noted in Cedars-Sinai that discovery sanctions are available as a remedy for intentional spoliation of evidence by a party. Cedars-Sinai, 18 Cal.4th at 12. In Temple Community Hospital, the Supreme Court "recognize[d] that the salient distinction between first party and third party spoliation of evidence is the disparity in sanctions available within the confines of the underlying litigation." Temple Community Hospital, 20 Cal.4th at 476. However, the California Supreme Court reasoned that

> the victim of third party spoliation may deflect the impact of the spoliation on his or her case by demonstrating why the spoliated evidence is missing. (See Evid.Code § 412.) It also may be possible to establish a connection between the spoliator and a party to the litigation sufficient to invoke the sanctions applicable to spoliation by a party. (Code Civ. Proc. § 2025, subds. (j)(3), (o).)

Temple Community Hospital, 20 Cal.4th at 477.

Here, the spoliation of evidence cause of action appears to concern discovery disputes that occurred during discovery in Flores I. While unclear, it appears this cause of action alleges that Defendants allegedly destroyed evidence rather than give it to Plaintiffs during discovery in

Flores I. When filing any amended complaint containing a spoilation of evidence cause of action, Plaintiffs should be mindful of when they knew or should have known that Defendants allegedly destroyed evidence. Given the extensive discovery disputes in Flores I, where Plaintiffs repeatedly accused DDJ Inc., DDJ LLC, and Defendants of hiding and destroying evidence, the court questions whether Plaintiffs were unaware of the facts underlying their spoilation of evidence cause of action prior to trial in Flores I. However, because the exact basis of the spoilation of evidence claim is unclear, the court will allow Plaintiffs to amend this claim. Plaintiffs are advised that any amended complaint that includes such a cause of action must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support such a theory.

**E.  Defendants' Remaining Arguments**

Because Plaintiffs are being given leave to amend to clarify the exact facts supporting each cause of action, delete duplicative causes of action that were raised or could have been raised in earlier cases, and establish that the causes of action are not barred by the statute of limitations because they are based on facts they occurred within the statute of limitations, the court declines to address the other arguments made in Defendants' briefs at this time. Determining whether a complaint that violates Rule 8 states a claim on causes of action that might not be contained in an amended pleading or will be clarified in an amended pleading is not an efficient use of judicial researches. In declining to address these issues, the court is not finding that the complaint adequately states a claim for the other causes of action. In filing any amended complaint, Plaintiffs should review the elements for each cause of action and ensure that the amended complaint's alleged facts meet these elements.

**ORDER**

Accordingly, based on the above memorandum opinion and order, the court ORDERS that:

1. Hagobian Defendants' motion to dismiss is GRANTED;

2. Yeramian Defendants' motion to dismiss is GRANTED;

3. The complaint is DISMISSED with leave to amend;

4. Plaintiffs shall file any amended complaint within thirty days of this order's date of service; and

5. Plaintiffs are FOREWARNED that failure to file an amended complaint within thirty days will result in this action's dismissal.

IT IS SO ORDERED.

Dated:     July 27, 2007                              /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE