**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOE FLORES, an individual, and CONNIE FLORES, an individual,**<br><br>　　　　　　　**Plaintiffs,**<br>　　v.<br><br>**EMERICH & FIKE, a professional corporation, et al.,**<br>　　　　　　　**Defendants.** | 1: 05 - CV - 0291 AWI DLB<br><br>**ORDER GRANTING APPLICATION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>(Documents #300 #302) |

　　The history of this case, and its related two cases, is well known to the parties and will not be restated here. In short, this case – the third in a string of lawsuits – was filed against attorneys who had represented corporate defendants in the first case ("Defendants Emerich & Fike"), along with individuals alleged to be the alter egos and/or otherwise in control of the now defunct corporate defendants from the first lawsuit. After the court dismissed the claims against Defendants Emerich & Fike in this action, on October 12, 2006, the Clerk of the Court entered Judgement as to Defendants Emerich & Fike. Plaintiffs promptly appealed.

　　Meanwhile, default was entered in this action as to some Defendants by the Clerk of the Court. Because no properly noticed motion for default judgment was ever set before the Magistrate Judge as required by Local Rule, default judgment was never entered as to any Defendant.

　　Then, in May 2007, other Defendants, including the "Hagobian Defendants", the "Yeramian Defendants", and Russell Davidson and W.D. Farming LLC filed motions to dismiss.

After allowing extension briefing, on July 30, 2007, the court granted the motions to dismiss and dismissed the complaint with leave to amend. Plaintiffs were ordered to file an amended complaint within thirty days.

On August 17, 2007, Plaintiffs filed an ex parte application for more time in which to file an amended complaint. Plaintiffs contend that they would be prejudiced if they are forced to file an amended complaint prior to a ruling by the Ninth Circuit regarding Defendants Emerich & Fike. In addition, Plaintiffs point out that default has been entered against several Defendants, and Plaintiffs request the court explain the legal status of these Defendants before requiring Plaintiffs to file an amended complaint.

Plaintiffs' filing essentially asks this court to give them legal advice, which the court is unable to do. To the extent judgment has been entered as to Defendants Emerich & Fike, this judgment is final until reversed by the Ninth Circuit. When filing any amended complaint, Plaintiffs are reminded that such an amended complaint may not include these Defendants. If the Ninth Circuit reverses this court's orders regarding Defendants Emerich & Fike, the court will resolve how to best include them in this lawsuit at that time. The interlocutory appeal of one set of Defendants, alone, does not automatically stay the action against the other Defendants. Finally, until a judgment, as opposed to the mere entry of default, is entered as to any other Defendant, Plaintiffs have not obtained a judgment in their favor.

To allow Plaintiffs time to consider the court's July 30, 2007 order and its various legal implications, the court will grant Plaintiffs' request and provide Plaintiffs with thirty additional days in which to file an amended complaint.

Accordingly, based on the above, the court ORDERS that:

1. Plaintiffs' ex parte request for more time to file an amended complaint is GRANTED;
2. Plaintiffs shall file any amended complaint within thirty days of this order's date of service; and

3. Plaintiffs are FOREWARNED that failure to file an amended complaint within thirty days will result in this action's dismissal.

IT IS SO ORDERED.

Dated:   **September 5, 2007**               **/s/ Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE

3